## JOSEPH LEE WALLACE *v.* STATE OF MARYLAND

[No. 254, September Term, 1969.]

*Decided March 10, 1970.*

132

The cause was argued before MURPHY, C.J., and AN-
DERSON, MORTON, ORTH, and THOMPSON, JJ.

*John D. Hackett* (*Nelson R. Kandel* on the brief) for
appellant.

John J. Garrity, Assistant Attorney General, with whom were Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City, and A. Ronald Santo, Assistant State's Attorney for Baltimore City, on the brief, for appellee.

MURPHY, C.J., delivered the opinion of the Court.

Appellant was convicted at a court trial of robbing William Wildberger with a deadly weapon, assaulting a police officer (Leonard Byrd), and carrying a deadly weapon openly with intent to injure Byrd. He was sentenced to twenty years on the robbery charge and to two concurrent terms of three years each on the assault and deadly weapon offenses, to run concurrently with the robbery sentence. He contends on this appeal that the trial judge erred "in ruling the extrajudicial identifications harmless."

The record discloses that Nelson R. Kandel, Esq. was appointed by the court to prosecute the appeal for the indigent appellant. While Kandel's name only appears as counsel for appellant on the brief submitted to this court, John Hackett, Esq. entered his appearance on appellant's behalf and appeared before us to orally argue the merits of appellant's case. The State objected to Hackett's appearance on the ground that he had not been appointed by the court to represent appellant and, as appellant's appointed counsel, Kandel was not present in court, the case would have to be submitted without oral argument on appellant's behalf. In response to the State's objection, Hackett stated that his professional services had been engaged by Kandel to assist in the appeal; that he had subsequently consulted with appellant, advising him that he was assisting in the prosecution of the appeal; and that he, Hackett, consulted with Kandel in preparing the appeal brief, and did so under Kandel's professional direction. We reserved our ruling on the State's objection and permitted Hackett to argue the case for appellant.

In *English v. State,* 8 Md. App. 330, we observed that the constitutional right to counsel entitles an indigent accused to "such counsel as the court may assign"; that "once counsel has been chosen, * * *, the accused is entitled to the assistance of *that* counsel"; and that unless he waives such right the accused should not be required to be heard through counsel other than the one appointed by the court to represent him, "no matter how competent, experienced and conversant with the case other counsel may be and regardless of the fact that in retrospect, the other counsel afforded him a genuine and effective representation."

That *English* involved court-appointed counsel at the trial level and not, as here, counsel appointed by the court to prosecute an appeal, does not mean that the principles enunciated in that case are not of similar application. We think it clear that once appointed by the court to represent the accused on appeal, counsel has the total responsibility for the proper prosecution of the appeal; he cannot divest himself of his professional responsibilities by simply turning the case over to another lawyer and having no further connection with it. This does not mean that court-appointed counsel is prohibited from obtaining the assistance of another lawyer in preparing the appeal, or of authorizing the inclusion of that lawyer's name on the brief submitted on the accused's behalf, or, where court-appointed counsel personally appears to argue the appeal, to permit the lawyer assisting him to participate in the oral argument. But under the rationale of *English,* it must always be court-appointed counsel who personally superintends the preparation of the appeal and the advocacy of its merits. Where then, as here, court-appointed counsel does not personally appear to argue the appeal, we think it manifestly improper to permit another lawyer, not appointed by the court and whose name does not appear on the brief, to argue on the accused's behalf.

I

There was evidence adduced at the trial showing that

on September 11, 1968 at 3:10 a.m. William Wildberger was held up at his gas station by a lone Negro gunman wearing gray pants and robbed of the station proceeds. Officer Leonard Byrd was about fifteen blocks from the scene of the crime when he received a report over his car radio that Wildberger's gas station was being held up. As he approached the scene of the crime, Byrd received a radio description of the robber, including the fact that he was a Negro. At a point near the gas station, Byrd heard dogs barking and drove his car into a lighted alley where he observed a man's foot beneath a parked car. Upon investigating, Byrd saw a Negro male, later identified as appellant, beneath the car counting a large sum of money. Byrd ordered appellant from under the car. As he approached him to make an arrest, appellant fired four times at Byrd and then fled to some nearby vacant houses, leaving $116.00 on the ground. Byrd observed that appellant was wearing gray trousers. The police unsuccessfully searched for appellant among the vacant houses in the 2000 block of McCullough Street. At 4:24 p.m. that same day, appellant was found by another police officer, Richard Ellwood, stuck in a chimney at 2002 McCullough Street. A pair of gray pants were recovered from him as well as 42 single dollar bills. Shortly thereafter, Wildberger was shown seven photographs by the police from which he identified appellant as the robber. Two days later he identified appellant at a preliminary hearing, appellant by pre-arrangement having been seated in the middle of the court room among 23 other Negro males before Wildberger entered. At the trial, Wildberger positively identified appellant as the robber. The evidence showed that the lighting conditions at the time of the robbery were good and that Wildberger had an ample opportunity to observe the robber. Wildberger testified that his identification of appellant at the trial was based on his observation of him at the time of the robbery.

Appellant objected to both the in-court and extrajudicial identifications. The trial judge found as a fact that

there was no impermissible suggestiveness in the pretrial confrontations and that the in-court identification was in no way constitutionally tainted.

Appellant concedes that the photographic identification procedures followed by the police were not impermissibly suggestive within the rationale of *Simmons v. United States,* 390 U. S. 377, and *Stovall v. Denno,* 388 U. S. 293. He appears to contend that neither the photograph of appellant, nor the testimony relating to his photographic identification, should have been permitted in evidence because he was illegally arrested. He relies on *Davis v. Mississippi,* 394 U. S. 721, 89 S. Ct. 1394. We need not here decide, however, whether the holding of *Davis* that fingerprints obtained from an accused should be excluded as the product of a detention which was illegal under the Fourth and Fourteenth Amendment applies to the photographs of the accused. *See Oliver v. State,* 8 Md. App. 610. The question of the legality of appellant's arrest was never an issue at the trial and no objection was made by appellant on this ground. Moreover, it is not clear from the record when the photograph of appellant shown to the victim was taken. If it was taken before the arrest, as appears likely, it would in no event be the product of an illegal detention. We conclude then, on the record in this case, that appellant's reliance upon *Davis* is misplaced.

Appellant's claim that his identification at the preliminary hearing violated his constitutional rights is equally without merit. An indigent accused has no constitutional right to counsel at a preliminary hearing, *Tyler v. State,* 5 Md. App. 265; and we think it clear from a review of the record that the identification made at the preliminary hearing did not violate appellant's Fourteenth Amendment rights. *Cf. Coleman v. State,* 8 Md. App. 65, recognizing that in some circumstances a confrontation between a witness and the accused at a preliminary hearing may taint an in-court identification subsequently made. Appellant's basic contention that the trial judge erred in finding the extrajudicial identifications harmless

ignores the fact that the court found such confrontations legal and the identifications flowing therefrom properly admitted in evidence. Moreover, it is abundantly clear that the lower court could find, as it did, that the in-court identification was based solely upon the victim's observations of the appellant at the time of the robbery.

## II

In reliance upon *Crossland v. State*, 252 Md. 70, appellant contends that the trial judge erred in failing to merge the offenses of armed robbery of Wildberger and the carrying of a deadly weapon openly with intent to injure Officer Byrd. As these are two different offenses, involving two different victims, it is readily apparent that one crime does not necessarily involve the other; consequently, the principles governing the merger of offenses are wholly inapplicable. *Cf. Watts v. State*, 3 Md. App. 454.

## III

In view of the victim's identification of the appellant, we hold that the evidence was clearly sufficient to support the judgments of conviction.

*Judgments affirmed.*